UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                    :

SERGIO HERNANDEZ NAJERA,         :

                    Plaintiff,    :

                                      :             21 Civ. 6753 (LGS)

           -against-             :

                                      :               ORDER

LAKE AVE PIZZA LLC, et al.,         :

                    Defendants.  :

                                      :

------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff filed the Complaint in this action on August 10, 2021 (Dkt. No. 1);

WHEREAS, Plaintiff served the two Defendants named in the original Complaint, on September 9, 2021, and August 31, 2021, and filed proof of service (Dkt. Nos. 9, 10);

WHEREAS, neither Defendant responded to the Complaint, so the initial conference scheduled for December 9, 2021, was converted to a show-cause hearing for default judgment, and Plaintiff was directed to file a proposed order to show cause for default judgment by November 18, 2021, if the Defendants did not enter appearances in the action by then (Dkt. No. 13);

WHEREAS, Plaintiff repeatedly failed to file proposed clerk's certificates of default properly, and the filings were repeatedly rejected because of mistakes (Dkt. Nos. 13-21), so it was not until November 30, 2021, that Plaintiff obtained a clerk's certificate of default (Dkt. No. 23);

WHEREAS, Plaintiff still did not file a proposed order to show cause as required by the Order at Dkt. No. 13 in compliance with the Court's Individual Rules, so on December 2, 2022, another Order was entered directing Plaintiff to do so (Dkt. No. 24);

WHEREAS, Plaintiff first attempted to file a proposed order to show cause for default judgment and a proposed default judgment order on December 6, 2022, but the filings were rejected; Plaintiff re-filed a proposed order to show cause on December 6, 2022 (Dkt. No. 28);

WHEREAS, despite an instruction from the Clerk of Court that a new proposed default judgment order needed to be filed, and instructions on how to do so, Plaintiff did not file a new proposed default judgment order;

WHEREAS, the Order dated December 15, 2021, directed Plaintiff to file a letter by December 21, 2022, regarding whether default judgment could be entered against the "Doe" defendant named in the Complaint with an unknown last name, whether the "Doe" defendant actually had been served and whether Plaintiff intended to amend the Complaint (Dkt. No. 32);

WHEREAS, Plaintiff failed to file the letter required by the Order at Dkt. No. 32, so another Order was entered directing Plaintiff to file the letter by December 29, 2021, and to explain why the case should not be dismissed for failure to prosecute in light of Plaintiff's third failure to comply with Court-ordered deadlines (Dkt. No. 33);

WHEREAS, after Plaintiff untimely filed the letter, an Order dated December 27, 2021, directed Plaintiff to file an amended complaint by January 21, 2022, and proof of service on all Defendants by January 25, 2022, and cautioned Plaintiff that failure to comply with court-ordered deadlines may result in sanctions, including dismissal for failure to prosecute (Dkt. No. 35);

WHEREAS, Plaintiff first attempted to file an amended complaint and summons on January 21, 2022, but the filings were again rejected because of numerous mistakes, and Plaintiff ultimately filed the Amended Complaint on January 24, 2022, replacing the "Doe" Defendant with Defendant Raymond Delfino (Dkt. No. 39);

2

WHEREAS, Plaintiff did not file proof of service of the Amended Complaint on Lake Ave Pizza LLC or Delfino until January 31, 2022, and February 8, 2022, and on March 5, 2022, Plaintiff filed another proof of service as to a "John Doe" (Dkt. Nos. 44-46);

WHEREAS, after another attempted proposed certificate of default was rejected because of numerous errors, Plaintiff filed a new proposed order to show cause for default on May 5, 2022 (Dkt. No. 54), but Plaintiff did not file a proposed default judgment order;

WHEREAS, the Order to Show Cause was entered on May 6, 2022 (Dkt. No. 56) directing Plaintiff to file proof of service of the Order on Defendants by June 8, 2022;

WHEREAS, Plaintiff never served the Order to Show Cause at Dkt. No. 56, so another Order to Show Cause was entered on June 28, 2022 (Dkt. No. 57);

WHEREAS, the Order dated August 12, 2022 (Dkt. No. 60) adjourned the scheduled show-cause hearing to August 24, 2022, and directed Plaintiff to file a proposed default judgment order, to correct certain damages calculations and to ensure that all required documents had been properly served by August 17, 2022;

WHEREAS, Plaintiff never complied with any portion of the Order at Dkt. No. 60, so the Order dated August 19, 2022 (Dkt. No. 61) again directed Plaintiff to file a proposed default judgment order, correct damages calculations and ensure all documents had been served by September 9, 2022;

WHEREAS, the Order at Dkt. No. 61 warned Plaintiff that continued failure to comply with court-ordered deadlines will result in sanctions, potentially including but not necessarily limited to dismissal for failure to prosecute and monetary sanctions;

WHEREAS, Plaintiff has not complied with the Order at Dkt. No. 61.

3

WHEREAS, "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990).  "Civil contempt may be imposed for failure to comply with an order of the court if that order is clear and unambiguous, the proof of non-compliance is clear and convincing, and the respondent was not reasonably diligent in attempting to comply with the order." *Williams v. Lutheran Med. Ctr.*, 776 F. App'x 730, 731 (2d Cir. 2019) (summary order) (cleaned up) (quoting *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996).  "[W]hen the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000); *accord In re Hornbeam Corp.*, No. 14 Misc. 424, 2022 WL 60313, at *5 (S.D.N.Y. Jan. 6, 2022).  The Court's inherent power "includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith." *Seltzer*, 227 F.3d at 42; *In re Hornbeam*, 2022 WL 60313, at *5;

WHEREAS, the Order with which Plaintiff's counsel has failed to comply is unambiguous, there is no doubt about the proof of noncompliance, and Plaintiff's counsel's long history of failure to comply with court orders in this litigation -- and repeated failure to comply with the precise directives in the Order at issue here -- show that Plaintiff's counsel has not been reasonably diligent in attempting to comply with the order;

WHEREAS, forward-looking monetary sanctions are in the nature of civil contempt because they are "intended to coerce future compliance" and offer an "opportunity to purge the

sanction" by promptly complying.  *Markus v. Rozhkov*, 615 B.R. 679, 713 (S.D.N.Y. 2020).

"[I]mposition of a $100 per day coercive fine tracks similar orders by courts in this Circuit aimed

at procuring compliance with court orders."  *Hindman LLC v. Mihaly*, No. 21 Misc. 452, 2022

WL 1136789, at *3 (S.D.N.Y. Apr. 18, 2022).  It is hereby

    **ORDERED** that, as soon as possible and in any event before by **September 21, 2022**,

Plaintiff shall (1) file a proposed default judgment order on ECF as required by the Court's

individual rules, (2) serve a copy of that proposed default judgment order on all Defendants, (3)

serve a copy of this Order on all Defendants, (4) ensure that all of the supporting papers on which

the Order to Show Cause in this action was based have been served on Defendants and (5) file

proof of service of all of the above.

    It is further **ORDERED** that, when preparing the proposed default judgment order,

Plaintiff shall ensure that the proper minimum wages are being used to calculate damages and

shall file a new affidavit supporting a new damages calculation if necessary.  It appears at present

that Plaintiff's damages calculations use minimum wages applicable to New York City, while the

Complaint alleges that Plaintiff was employed in Yonkers, New York.

    It is further **ORDERED** that the hearing for Defendants to show cause why an order

entering default judgment should not be entered against them will go forward as currently

scheduled on September 28, 2022, at 4:20 P.M.  At that time, the parties shall dial the conference

line at 888-363-4749 and use access code 558-3333.  The time of the hearing is approximate, but

the parties shall be ready to proceed by that time.

    It is further **ORDERED** that, if Plaintiff fails to comply with this Order, Plaintiff's

counsel shall be fined **$100 per day**, beginning on **September 22, 2022,** each day until Plaintiff

has either complied with this Order or filed a letter (1) explaining why Plaintiff has not complied

with past court deadlines and (2) seeking an extension of time that Plaintiff's counsel can meet.

Dated: September 14, 2022
     New York, New York


                LORNA G. SCHOFIELD
           UNITED STATES DISTRICT JUDGE